# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**LAKHRAJ MANOHAR**                                                                 **PLAINTIFF**

v.                                    Case No. 3:17-cv-69 KGB/JTK

**LACY GRAMLING, Attorney ad Litem,**
**Arkansas Department of Human Services;**
**JAMES BARR, Attorney, Arkansas**
**Department of Human Services; LATASHA**
**GAUSE, Children and Family Services Case**
**Worker, Arkansas Department of Human Services;**
**and JOHNNY DUNIGAN, Attorney**                                                **DEFENDANTS**

## ORDER

Before the Court is the motion for leave to proceed *in forma pauperis* filed by plaintiff Lakhraj Manohar (Dkt. No. 1). Also before the Court is Mr. Manohar's motion to expedite (Dkt. No. 6). For the following reasons, the Court grants Mr. Manohar's motion for leave to *proceed in forma pauperis* (Dkt. No. 1), dismisses without prejudice his complaint, and denies as moot his motion to expedite (Dkt. No. 6).

Because Mr. Manohar seeks to proceed *in forma pauperis*, the Court must undertake a two-step screening process. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). First, the Court must determine whether Mr. Manohar is financially eligible to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). *Id.* Based on Mr. Manohar's application, Mr. Manohar has neither the funds nor the income to pay the filing fee (Dkt. No. 1). Therefore, the Court grants Mr. Manohar's motion to proceed *in forma pauperis* and will permit Mr. Manohar to proceed without prepayment of the filing fee (Dkt. No. 1).

Second, the Court must determine whether the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). *Martin-Trigona*, 691 F.2d at 857. Section 1915(e)(2)(B) authorizes a

district court to dismiss "at any time" an *in forma pauperis* complaint that is: (i) frivolous or malicious, (ii) fails to state claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief. This action presents similar issues as those addressed in the well-reasoned opinion of *Key v. Does*, which addressed whether the complaints nonprisoners who proceed *in forma pauperis* are subject to § 1915(e)(2)(B). 217 F.Supp.3d 1006 (E.D. Ark. 2016).

As noted by Judge Holmes in *Key*, every United States Circuit Courts of Appeal to have addressed this issue has held that § 1915(e)(2)(B) applies equally to nonprisoner complaints as it does to prisoner complaints. *See, e.g., Michau v. Charleston Cty., S.C.*, 434 F.3d 725, 738 (4th Cir. 2006); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002); *Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205-06 (2d Cir. 2002); *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) *overruled on other grounds by Lafountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

Moreover, while the Eighth Circuit Court of Appeals has not yet conclusively resolved this issue, it has affirmed multiple decisions dismissing nonprisoner cases under § 1915. *See, e.g.*, *Stebbins v. Stebbins*, 575 Fed.Appx. 705 (8th Cir. 2014) (unpublished per curiam); *Fogle v. Blake*, 227 Fed.Appx. 542 (8th Cir. 2007); *Benter v. Iowa*, 221 Fed.Appx. 471 (8th Cir. 2007); *Carter v. Bickhaus*, 142 Fed.Appx. 937 (8th Cir. 2005) (unpublished per curiam). Any of the grounds listed in § 1915 provide a sufficient basis for this Court to dismiss the complaint before service and without leave to amend. *See Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001); *see also Christiansen v. Clarke*, 147 F.3d 655, 658 (8th Cir. 1998), *cert denied*, 525 U.S. 1023 (1998). Because Mr. Manohar is proceeding *pro se*, his complaint must be construed liberally. *See Estelle*

*v. Gamble*, 429 U.S. 97, 106 (1976). Nevertheless, *pro se* litigants must allege sufficient facts to support the claims contained in the complaint. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The allegations of Mr. Manohar's complaint appear to stem from an administrative decision of the Arkansas Department of Human Services ("the Department") (Dkt. No. 2, 4). Mr. Manohar's complaint names as separate defendants Lacy Grambling, who is identified as an attorney *ad litem* with the Department; James Barr, who is identified as an attorney with the Department; Latasha Gause, who is identified as a county case worker with the Department; and Johnny Dunigan, who appears to be an attorney in private practice in Arkansas. Mr. Manohar, when identifying what he wants the Court to do for him, claims he wants the right to "a fair opportunity for an independent paternity test and for a fair due process of law concerning case [sic]" (*Id.*, at 5).

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When screening a complaint pursuant to § 1915, "the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young*, 244 F.3d at 627.

This Court determines that Mr. Manohar's complaint does not state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Court determines that Mr. Manohar's complaint seeks to allege a cause of action pursuant to 42 U.S.C. § 1983 but fails to do so (Dkt. No. 1). Construed liberally, Mr. Manohar's complaint appears to allege that the defendants caused

a deprivation of "fair due process of law" (*Id.*). However, Mr. Manohar does not articulate how the actions of any one of the defendants have caused a denial of his right to due process of law.

As an initial matter, Mr. Manohar does not identify in his description of the facts any act allegedly taken by separate defendant Mr. Dunigan. Aside from being identified as a defendant, there is no mention of Mr. Dunigan in regard to the conduct about which Mr. Manohar complains. Therefore, as to Mr. Dunigan, pursuant to § 1915, this Court dismisses without prejudice Mr. Manohar's complaint for failure to state a claim upon which relief can be granted (Dkt. No. 2). Fed. R. Civ. P. 12(b)(6).

While Mr. Manohar does identify separate defendants Ms. Grambling, Mr. Barr, and Ms. Gause in the description of the facts about which he complains, Mr. Manohar does not clearly identify what acts each defendant is alleged to have taken or how those alleged acts purportedly caused a deprivation of his civil rights. Mr. Manohar does not explain the separate defendants' roles in the conduct about which he complains. Further, Mr. Manohar generally alleges that "workers lying [sic] under oath and processing documents in a timely manner" and complains about "favoritism" and "conflict of interest," but Mr. Manohar does not identify who these workers are or articulate specific allegations against specific individuals (Dkt. No. 2, 4). Mr. Manohar's complaint does not state a facially plausible claim and therefore does not satisfy the requirements of *Twombly* and *Iqbal*.

Thus, for the reasons stated above, the Court must dismiss the action for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Consequently, the Court dismisses without prejudice Mr. Manohar's complaint (Dkt. No. 1) and denies as moot Mr. Manohar's motion to expedite (Dkt. No. 6). The Court will enter judgment by separate order.

It is so ordered this the 19th day of October 2017.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge